Mary AZIZI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74927.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed June 12, 2008.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

James E. Grimes, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jill Ptacek, U.S. Department of Justice Liberty Place Building, Washington, DC, for Respondent.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY, District * Judge.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

## MEMORANDUM **

Mary Azizi, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We affirm.

■ Where, as here, the BIA adopts the decision of the IJ as its own, we review the decision of the IJ. *See Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). We conclude that the IJ's determination that Azizi failed to show past persecution and a well-founded fear of future persecution if returned to Afghanistan is supported by substantial evidence. *Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002).

To support her past persecution claim, Azizi testified that she fled Afghanistan in 1992 because enemies of her husband, two Afghani brothers, killed members of her husband's family, including a cousin and a brother, and threatened her life and that of her daughter. Azizi maintains that the brothers took these actions because of her husband's political opinion.

On the basis of testimony, the IJ found that the action likely resulted from a personal vendetta. While political opinion need not be the exclusive motivation for the persecution—the persecutors may have mixed motivations—Azizi did not present sufficient evidence to establish that the brothers imputed *any* political opinion to her, her husband, or members of her family. *See Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000). Accordingly, Azizi failed to establish the required nexus between the alleged acts of persecution and the claimed protected ground, in this case,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

imputed political opinion. *Id.* Indeed, Azizi failed to demonstrate that her husband, or any persons with whom she is associated—and whose political opinion might be imputed to her—have been persecuted based upon any protected ground.

█ The IJ further found that Azizi failed to present objectively reasonable fear of future persecution if returned to Afghanistan because she failed to demonstrate that any putative persecutors would today impute a political opinion upon her. *See Mgoian v. INS,* 184 F.3d 1029, 1035 (9th Cir.1999). Accordingly, substantial evidence supports the IJ's determination that Azizi failed to "independently establish a well-founded fear of future persecution." *El Himri v. Ashcroft,* 378 F.3d 932, 936 (9th Cir.2004).

**AFFIRMED.**